FILED
CLERK

3/25/2025 4:55 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GABRIELLE SURMANEK,

                Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

24-CV-2653 (GRB)

**GARY R. BROWN, United States District Judge**:

      In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff challenges final determinations by the Commissioner of the Social Security Administration that She was ineligible to receive Social Security disability insurance benefits. *See* DE 1. Presently before the Court are the parties' cross motions, pursuant to Fed R. Civ. P. 12(c), for judgment on the pleadings.

      In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, evaluation of vocational evidence and, importantly in this case, the treating physician rule. These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in *Zacharopoulos v. Saul*, 19-CV-5075(GRB), 2021 WL 235630 (E.D.N.Y. Jan. 25, 2021), which discussion is hereby incorporated by reference.

      Furthermore, the central evidentiary question is brought into focus by the parties' contention statements, a practice implemented by the undersigned's Individual Practice Rules, as

1

further discussed in *Madigan v. Comm'r of Soc. Sec.*, 20-CV-445(GRB), 2021 WL 956178, at *2 (E.D.N.Y. Mar. 15, 2021), and incorporated herein by reference.

Here, the ALJ determined that notwithstanding plaintiff's medical conditions, including lumbar disc disease, osteoarthritis of the hips and knees (as well as a knee and hip replacement) and obesity, plaintiff retained the residual functional capacity to perform her prior jobs, which included a series of sedentary positions. DE 13 at 27. Counsel for plaintiff contends that evidence that the plaintiff required the use of a cane for ambulation and balance somehow undermines this finding. DE 8 at 12-15. However, these assertions to do not support the notion that the ALJ committed error, and there is clear record evidence to support the ALJ's conclusions. *See, e.g.*, DE 13 at 71-77.

Thus, in considering the record as a whole, it is clear that the ALJ's opinion is amply supported by substantial evidence. *Zacharopoulos*, 2021 WL 235630 at *7 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405, and therefore, the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'" (quoting *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013))). Thus, this Court must affirm the decision of the Commissioner.

Based on the foregoing, the Commissioner's motion is granted, and the Plaintiff's motion is denied. The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
          March 25, 2025

                                                                                        /s/ Gary R. Brown
                                                                                        GARY R. BROWN
                                                                                        United States District Judge